UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOE HOUSTON, individually

    Plaintiff,

v.                                             Case No:   2:13-cv-521-FtM-38UAM

LAXMI OF NAPLES, LLC,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Stipulation for Approval and Entry of Consent Decree between Plaintiff and Defendant and Dismissal of Case with Prejudice (Doc. #16) filed on October 9, 2013. The Parties have submitted a proposed Consent Decree to the Court, (Doc. #16-1), which they request be entered by this Court. Pursuant to Title III of the Americans with Disabilities Act, this Court is authorized to enter a consent decree requiring a public accommodation to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

All Parties agree to the Consent Decree and all Parties wish for this Court to retain jurisdiction over the Consent Decree in order to enforce the agreement and to determine the amount of attorney's fees, costs, and expenses to which Plaintiff is entitled. Typically a signed notice of stipulated dismissal is effective upon filing. Fed. R. Civ. P. 41(a)(1)(A)(ii). However, here the Parties request their stipulation to become effective only after the Court approves the Consent Decree. Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012) ("The stipulation becomes effective upon filing unless it explicitly conditions itself effective on a subsequent occurrence."). The Court will retain jurisdiction over the Consent Decree, albeit for a limited period of time. See Anago Franchising, Inc., 677 F.3d at 1280; Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 382, 114 S. Ct. 1673, 1677 (1994).

Accordingly, it is now

**ORDERED:**

1. The Parties' Stipulation for Approval and Entry of Consent Decree between Plaintiff and Defendant and Dismissal of Case with Prejudice (Doc. #16) is **APPROVED**. The Consent Decree, (Doc. #16-1), is approved, entered, and attached hereto, with the Court retaining jurisdiction over this matter for a period of **120 days** from the date of this Order, **February 12, 2014**, for the limited purposes of enforcement of the Consent Decree and determining the amount of attorney's fees, costs, and expenses to which Plaintiff is entitled. Thereafter, the Court's jurisdiction will terminate without further notice.

2. Plaintiff's Complaint (Doc. #1) is hereby **DISMISSED with prejudice**.

3. The Clerk is directed to terminate any pending motions and deadlines, and **CLOSE the case**.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of October, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record